(135 So. 13)

## AARNES v. AARNES.
No. 30914.

April 27, 1931.

Rehearing Denied May 25, 1931.

Melvin F. Johnson, of Shreveport, for appellant.

Cook & Cook, of Shreveport, for appellee.

## BRUNOT, J.

This is a divorce suit. The litigants were married in Mobile, Ala., in 1909. They established the matrimonial domicile in Shreveport, La., where they lived together as man and wife until 1927. During that year they separated and have lived apart since that time. About April 1, 1929, the defendant left Shreveport and established himself in Reno, Nev. After residing there the legally required time he filed a suit, in that state, against the plaintiff for an absolute divorce, upon the ground of alleged cruelty. No defense was made to the suit, and on September 3, 1929, a judgment was rendered therein, in favor of the defendant, granting him an absolute divorce from the plaintiff. A few days after this judgment was rendered, the defendant remarried. On October 18, 1929, the plaintiff filed the petition in this suit. She alleges that the judgment rendered by the court at Reno, Nev., is null, void, and of no effect, because that court was without jurisdiction either of her person or of the matrimonial domicile, and that her husband did not leave the state of Louisiana with the intention of residing elsewhere, but solely for the purpose of securing a divorce from her. She also alleges various acts of adultery committed by her husband prior to his departure from this state. The prayer of the petition is for judgment in her favor and against the defendant decreeing an absolute divorce, for an accounting and settlement of the community, and for alimony.

It is averred in the answer that defendant fully complied with the laws of Nevada with reference to residence and domicile and that he went to that state with the bona fide intention of permanently residing there; that he obtained a legal and enforceable judgment of divorce against the plaintiff in the Second judicial district court of Washoe county, Nev., a certified copy of which he annexes to and makes a part of his answer; that plaintiff had notice of the suit but did not file an answer thereto or make any defense; and that plaintiff has acquiesced in the judgment by failing to apply for a new trial or for an order of appeal therefrom. The defendant, as plaintiff in reconvention, asserts a claim to one-half of the proceeds realized by the plaintiff from the sale of certain community property.

The suit was tried upon the issues stated, and the trial resulted in a judgment in favor of the plaintiff and against the defendant, decreeing an absolute divorce and reserving to the plaintiff the right to sue for alimony from the defendant in a subsequent proceeding. The defendant appealed from the judgment. The plaintiff has answered the appeal and prays that the judgment be amended by awarding her alimony to the extent of one-third of the defendant's income.

This case presents two issues, one of law and one of fact. The first is whether or not the validity of a prima facie valid foreign judgment of divorce may be collaterally attacked, in the absence of an allegation of fraud, concealment, or imposition; and the other, whether or not the defendant had acquired a bona fide residence in Nevada before the institution of his suit for divorce.

With respect to the latter the plaintiff alleges bad faith on the part of the defendant, and the burden is upon her to prove that fact. If it is not established, by a fair preponderance of the evidence, the judgment appealed from cannot stand. For this reason we will first consider whether or not the plaintiff has sustained the burden of establishing bad faith, on the part of her husband, by a reasonably fair preponderance of the evidence.

We note that plaintiff relies upon the cross-examination of the defendant to prove his alleged bad faith. It may be said here that the frankness of the defendant impresses us with his fairness and truthfulness. One of the facts stressed by plaintiff is that, before the judgment of divorce was rendered in the Nevada court, the defendant was engaged to marry another woman. We fail to see what probative force, if any, that fact has upon the question of domicile or the defendant's intention to permanently reside in Nevada. The same may be said of the fact that Reno is a place where it is notoriously easy to get a divorce; or that defendant went to Reno by a route as straight as he could drive; or that he started his divorce suit as soon as the law of Nevada permitted. Such facts may be relevant to the issue, if we were considering defendant's motive, but the question we are to decide is: Did the defendant remove to Nevada with the intention of permanently residing there? He testifies that he did. He informed others of his intention to leave Louisiana and reside elsewhere. When he left Shreveport he did not know where he would permanently locate, but about ten days thereafter he established himself in Reno. Since then he has had occasion to stop at hotels in several towns where he has invariably registered as residing in Reno, Nev. Before leaving Shreveport he delivered his office furniture to his landlord, as security for past-due rent, and disposed of everything else he had there except his personal apparel, some bedding, a radio, and his automobile. He stored his bedding and radio, loaded his personal effects in his automobile, and drove his car to Reno, where he deposited all the money he possessed, about $700, in one of the banks of that city. He purchased a full year's Nevada automobile license for his car, and he continued to reside in Nevada after obtaining his judgment of divorce. It was there that he remarried. His marriage certificate shows that he is a resident of Reno, Nev.

About the time this suit was filed he was called to the bedside of his mother, who was ill in Alabama. He made the trip in his automobile and his route took him through Shreveport, where he spent the night at a hotel, registering there as a resident of Reno, Nev. On reaching Shreveport upon his return trip from Alabama he was personally served with citation and a copy of the plaintiff's petition.

Plaintiff stresses the fact that defendant retained a post office box in Shreveport after leaving there. The explanation given is that, having been a resident of Shreveport for many years and not knowing where he would locate when he left there, he kept his post office box for business reasons. This was a reasonable business precaution, and it is shown that, under similar circumstances, it was not unusual.

Our reading of the testimony leaves no doubt in our minds that every fact and circumstance the plaintiff urges as showing bad faith on the part of the defendant has been negatived by a reasonable explanation. Plaintiff has therefore failed to sustain the burden of proving bad faith and, for that reason, the judgment appealed from must be avoided.

In Stevens v. Allen, 139 La. 658, 71 So. 936, 941, L. R. A. 1916E, 1115, this court, through Chief Justice Monroe, in its opinion on rehearing, said:

"All of the authorities seem now to be agreed that, where any married person, whether husband or wife, in good faith acquires a domicile in, and becomes a citizen of, a particular state or country, such state or country possesses the inherent power to determine his or her marital status, within its territorial limits, and may dissolve the marriage tie without regard to the place in which it was contracted, or in which the cause for the dissolution arose, or to the domicile of the other party."

The law is stated in the foregoing excerpt from the Stevens-Allen Case in substantially the same manner that we find it in C. J.; R. C. L.; L. R. A., and all of the case law publications with which we are familiar. What we have said disposes of the case, but we think it proper to quote the following:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U. S. Const. art. 4, § 1.

"The provision of the federal constitution according full faith and credit in each state to the 'judicial proceedings' in every other state applies to proceedings for divorce. Hence the general rule is that a decree of divorce, rendered in accordance with the laws of the forum by a court having jurisdiction of the subject matter and of the parties, will be given full force and effect in all other states where the same matters come in issue; and this is especially true where the laws of the state in which the divorce was granted are substantially like those of the state where the decree comes into question, although a foreign divorce is none the less a bar because it was for a ground which would not have been a cause for a divorce in the latter state." 19 Corpus Juris 362.

"A valid decree of divorce rendered in another jurisdiction than that in which the subsequent decree is sought is a bar to the subsequent proceedings." 9 R. C. L. 374.

"Since an absolute divorce puts an end to the marriage relation, if a valid decree of absolute divorce has been granted to the defendant it is a bar to a subsequent decree in favor of the other party, as there is no marriage relation upon which the second decree can operate." 9 R. C. L. 374.

For the foregoing reasons the judgment appealed from is avoided and reversed, and it is now decreed that plaintiff's demands be rejected at her cost in both courts.

ODOM, J., dissents.